**Patricia VAIRETTA, Plaintiff–Appellant,**

v.

**William A. HALTER, Commissioner of Social Security, Defendant–Appellee.**

**No. 01–3565.**

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2002.

Before NORRIS and CLAY, Circuit Judges; and O'MEARA, District Judge.*

CLAY, Circuit Judge.

Plaintiff, Patricia Vairetta ("Vairetta"), appeals from the order entering judgment in favor of Defendant, William A. Halter, the Commissioner of Social Security ("the Commissioner"), in her action challenging the rate that the Commissioner used to offset her disability insurance benefits by her Ohio worker's compensation benefits.

Commencing in April of 1986, Vairetta received various benefits, including Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Vairetta was already receiving temporary Total Disability Benefits of $130 per week under the Ohio Workers' Compensation program. Vairetta's federal benefits were subject to workers' compensation offset under 42 U.S.C. § 424a(a).

In May of 1989, Vairetta entered into a lump sum settlement (LSS) with the Ohio Bureau of Workers' Compensation for the net amount of $18,000. The Commissioner of Social Security then determined that the $130 per week rate previously in effect as the offset amount would continue to be used as the offset rate for the LLS. Accordingly, the Commissioner applied the $130 per week rate until the entire $18,000 was offset in July of 1992. Vairetta argued before an Administrative Law Judge (ALJ) that the Commissioner should have reduced her federal benefits over the course of her prorated life expectancy (approximately thirty-three years), thus at a much lower rate than $130 per week. After the ALJ held against her, Vairetta made the same argument when the ALJ's findings were reviewed by a magistrate judge.

The magistrate judge issued a memorandum and order in the Commissioner's favor. Since the statute and regulations were silent or ambiguous as to the LSS offset rate, the magistrate judge agreed with the Commissioner that his Program Operations Manual System ("POMS"), DI 52001.555(c)(4), provided persuasive authority and should be looked to for guidance. Abiding by the POMS, the magistrate judge found that it was reasonable for the Commissioner to use of the $130 per week offset rate.

Following our thorough review of the record, all applicable law, the parties' briefs, and oral argument by counsel, we conclude that the district court's orders contain no reversible error. Since issuing a full opinion would serve no jurisprudential purpose, we **AFFIRM** the district court's order on the basis of the district court's memorandum opinion.

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.